## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ELAINE BANKS** | : | **Case No. 1:08CV849** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE** | : | **MEMORANDUM & ORDER** |
| **Defendant.** | : | |

This matter arises on the Defendant's *Motion to Dismiss* (Doc. 6).  The Defendant, United States of America, Department of the Treasury, Internal Revenue Service ("the Government"), seeks dismissal of Plaintiff Elaine Banks' ("Banks") complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, respectively.  This motion has been fully briefed and is ripe for adjudication.   For the reasons articulated below, the Government's Motion to Dismiss is **GRANTED in part**.

## I.    BACKGROUND

This is a taxpayer action to enjoin the Internal Revenue Service ("IRS") from levying upon Banks' pension fund, and to recover damages for the IRS' levying conduct to date.[1]

---

[1]  As stated by another district court in a similar case, Banks' complaint "takes this [C]ourt into the maze of statutes which govern the assessment and collection of taxes, tax liens, tax levies, . . . and so on, statutes which have erected a system described by one federal court as 'unworkable' and 'so complicated that even the IRS admits it cannot completely understand it.'" *Rodriquez v. United States*, 629 F. Supp. 333, 336 (N.D. Ill. 1986) (omitting citations and quotations).

A.    **FACTUAL BACKGROUND**

As set forth in the complaint and the parties' briefs, the essential facts underlying the complaint are as follows:[2]

- Elaine Banks  receives monthly payments from the Ohio State Teacher Retirement System ("OSTRS") pension plan.

- In May of 2001, Elaine Banks and her husband, Dennis Banks, filed a joint federal tax return for tax year 1999 indicating tax liability in the amount of approximately $175,003.00.  (Doc. 7 at 3.)

- In August of 2001, the Banks' accountant sent the IRS a Request for an Installment Agreement proposing a payment plan for the Banks' 1999 tax liability.  (*Id*.)

- The Government concedes that, based on the Form 1040 Certificate of Assessments, Payments, and Other Specified Matters ("Certificate of Assessments")[3] (Doc. 6-2), as of August 18, 2001, the Request for Installment Agreement was pending.

- The Certificate of Assessments indicates that the Request for Installment Agreement was rejected on February 14, 2002.  (*Id*.)

- On February 18, 2002, Elaine Banks and her husband, Dennis Banks, filed a joint federal tax return for tax year 2000 indicating tax liability in the amount of approximately $129,235.00.  (Doc. 7 at 3.)

- Banks alleges that her accountant sent the IRS a revised Request for Installment Agreement on March 6, 2002.  (*Id*.)  The Certificate of Assessments does not reflect the IRS having ever received or accepted this revised Request, however.  (Doc. 6-2.)

- The Certificate of Assessments indicates that the IRS issued a Notice of Intent to Levy to the Banks' on April 2, 2002, and that the IRS received a signed return receipt on April 12, 2002.  (*Id*.)

- In September of 2002, the IRS issued a levy to the OSTRS indicating that it would begin levying Banks' pension funds.  (Doc. 7 at 4.)

---

[2] Unless otherwise noted, these facts are undisputed.

[3] The Certificate of Assessments is an official, certified, IRS transcript of the record of the account of a taxpayer for a certain stated period of time.  It is available to the taxpayer upon request.  The Government attached the Certificate of Assessments to its Motion to Dismiss – it is not part of the pleadings.

- On November 4, 2002, the IRS began levying Banks' OSTRS pension funds at the rate of approximately $3,750.00 per month.  (Docs. 7 at 4; 6-2.)  As of the filing of Banks' response in opposition to the motion to dismiss, the IRS had levied approximately $260,000.00 of Banks' OSTRS pension funds.  (Doc. 7 at 4.)

- Banks alleges that she did not discover that the levy on her OSTRS pension funds was improper until September of 2006, in connection with the proceedings in the Banks' bankruptcy case, United States Bankruptcy Court for the Northern District of Ohio, Case No. 05-14804.  (*Id*. at 5.)

- Subsequently, in October of 2006, almost four years after the levying on Banks' OSTRS pension fund commenced, Banks filed with the IRS a Request for Release of Federal Tax Levy.  (*Id*. at 6.)

- On November 2, 2007, the IRS denied Banks' Request for Release with respect to the levy for the 1999 tax year and granted it with respect to the levy for the 2000 tax year.  (*Id*.)

## B.    BANKS' COMPLAINT (Doc. 1)

On April 2, 2008, Banks filed her complaint in this case as an action to quiet title to her personal property right to receive monthly payments from the OSTRS pension plan.  She alleges that the Government, through the IRS, has been illegally levying upon her OSTRS pension plan on a monthly basis since November 4, 2002.  She further alleges that the basis for the levy is the Government's claim that Banks failed to pay sufficient federal income taxes for tax years 1999 and 2000.  Generally, Banks alleges that the levy on her OSTRS pension funds is improper because the IRS failed to follow various administrative procedures.

### 1.    Claims

Banks asserts four counts in her complaint.  The first two counts seek injunctive and declaratory relief.  The last two counts seek damages for allegedly intentional, reckless, and/or negligent Government conduct.

### i.    Count I - Pending Installment Pay Agreement

In Count I, she alleges that the Government lacked the authority to issue the levy because it failed to follow the administrative procedures required by 26 U.S.C. § 6331(k)(2)(A)[4] and 26 C.F.R. § 301.6331-4(a)(1).[5]  Specifically, she alleges that the Government improperly issued the levy while an Installment Pay Agreement was pending with the IRS and had neither been rejected nor withdrawn.  (Doc. 1 at 1-2.)

### ii.    Count II – Notice of Intent to Levy

In Count II, Banks alleges similar failure to adhere to administrative requirements, this time in connection with service of the Final Notice of Intent to Levy pursuant to 26 U.S.C. §§ 6330 and 6331[6] and 26 C.F.R. § 301.6331-1.[7]  Banks contends that the IRS did not properly serve the Notice

---

[4]  Section 6331(k)(2)(A) provides:

(2) Installment agreements.--No levy may be made under subsection (a) on the property or rights to property of any person with respect to any unpaid tax--
    (A) during the period that an offer by such person for an installment agreement under section 6159 for payment of such unpaid tax is pending with the Secretary . . . .

[5]  IRS Regulation 301.6331-4(a)(1) states:

(a) Prohibition on levy--(1) In general. No levy may be made to collect a tax liability that is the subject of an installment agreement during the period that a proposed installment agreement is pending with the Internal Revenue Service (IRS), for 30 days immediately following the rejection of a proposed installment agreement, during the period that an installment agreement is in effect, and for 30 days immediately following the termination of an installment agreement. If, within the 30 days following the rejection or termination of an installment agreement, the taxpayer files an appeal with the IRS Office of Appeals, no levy may be made while the rejection or termination is being considered by Appeals. This section will not prohibit levy to collect the liability of any person other than the person or persons named in the installment agreement.

[6]  Section 6330(a)(1) provides the general requirement that notice of intent to levy is required:

No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under

-4-

of Intent to Levy.  (Doc. 1 at 2-3.)

### iii. Count III – Intentional and Reckless Disregard of IRS Code and Regulations

For Count III, Banks alleges that the Government intentionally and recklessly disregarded

the laws and regulations requiring the IRS to adhere to certain administrative procedures in issuing

---

this section before such levy is made. Such notice shall be required only once for the taxable period to which the unpaid tax specified in paragraph (3)(A) relates.

Section 6331(d) similarly provides:

(d) Requirement of notice before levy.--
    (1) In general.--Levy may be made under subsection (a) upon the salary or wages or other property of any person with respect to any unpaid tax only after the Secretary has notified such person in writing of his intention to make such levy.

    (2) 30-day requirement.--The notice required under paragraph (1) shall be--
        (A) given in person,
        (B) left at the dwelling or usual place of business of such person, or
        (C) sent by certified or registered mail to such person's last known address,
    no less than 30 days before the day of the levy.

[7]  In pertinent part, 26 C.F.R. § 301.6331-1(c) provides for service of a notice of levy by mail.

(c) Service of notice of levy by mail. A notice of levy may be served by mailing the notice to the person upon whom the service of a notice of levy is authorized under paragraph (a)(1) of this section. In such a case the date and time the notice is delivered to the person to be served is the date and time the levy is made. If the notice is sent by certificated mail, return receipt requested, the date of delivery on the receipt is treated as the date the levy is made. If, after receipt of a notice of levy, an officer or other person authorized to act on behalf of the person served signs and notes the date and time of receipt on the notice of levy, the date and time so noted will be presumed to be, in the absence of proof to the contrary, the date and time of delivery.

26 C.F.R. § 301.6331-1(c) (omitting footnote).

the tax levy and levying upon her OSTRS pension fund while a Request for Installment Pay

Agreement was pending.  Banks claims damages equal to the amount levied to date, $230,000.00

at the time the complaint was filed.  (Doc. 1 at 3-4.)

### iv.    Count IV – Negligent Disregard of IRS Code and Regulations

Count IV asserts essentially the same claims as Count III, but alleges negligent disregard of

the applicable IRS code and regulations as opposed to intentional or reckless disregard.  (Doc. 1 at

4.)

### 2.    Prayer for Relief

Banks requests an Order declaring that the Government's claims to her OSTRS pension fund

are invalid, that the levy is null and void, damages in the amount levied to date, costs, and "such

other and further relief as the Court deems proper."  (Doc. 1 at 4-5.)

## II.    LAW & ANALYSIS

### A.    STANDARDS OF REVIEW

The Government moves to dismiss Banks' complaint on two grounds: lack of subject matter

jurisdiction (Fed. R. Civ. P. 12(b)(1)) and failure to state a claim upon which relief can be granted

(Fed. R. Civ. P. 12(b)(6)).  Although the Government's motion to dismiss invokes both Rule

12(b)(1) and 12(b)(6), it does not independently analyze the jurisdictional motion and the purported

failure to state a claim.  In fact, neither party expressly distinguishes between the two motions,

describes the nature and purpose of either of the Rules the motions invoke, or even mentions the

applicable standards of review.[8]

_____

[8] The standard of review is an essential component of a judicial opinion.  Therefore the
Court cannot afford to be as cavalier about the applicable standard of review as have the parties.
This is especially true in this case where the Government is seeking dismissal under two
provisions of Rule 12, each of which has a distinct standard of review, and one of which can be

The Court finds, as discussed in detail below, that portions of Banks' complaint must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and other portions pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Consequently, both standards of review are relevant in this case.

### 1.      Rule 12(b)(1) Standard of Review

A Rule 12(b)(1) motion to dismiss an action for lack of subject matter jurisdiction may be premised on a facial attack or a factual attack.  *See Abdelkhaleq v. Precision Door of Akron*, No. 5:07cv3585, 2008 WL 3980339, at *2 (N.D. Ohio Aug. 21, 2008) (O'Malley, J.).  A facial attack tests the adequacy of the complaint, *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984), while a factual attack evaluates the actual existence of subject matter jurisdiction, *Ohio Hosp. Ass'n v. Shalala*, 978 F. Supp. 735, 739 (N.D. Ohio 1997).  The importance of this distinction has to do with the nature of the Court's consideration of the facts and allegations presented in connection with the Rule 12(b)(1) motion.  If the motion presents a facial attack, the Court must construe the pleadings in the light most favorable to the plaintiff and may not consider extrinsic materials.[9]  *Abdelkhaleq*, 2008 WL 3980339 at *2 (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).  In contrast, if the motion presents a factual attack, the Court is free to consider extrinsic evidence and may weigh the evidence of its own jurisdiction without affording the plaintiff the presumption of truthfulness that is the hallmark of the Rule 12(b)(6) standard.  *Id.*; *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *see*

---

rather nuanced (Rule 12(b)(1)).

[9]  If the Court does consider extrinsic evidence in connection with a facial attack, it must convert the motion to dismiss for lack of subject matter jurisdiction to a motion for summary judgment and, thus, decide the case on the merits under the Rule 56 standard.  *See Wenz v. Rossford Ohio Transp. Improvement Dist.*, 392 F. Supp. 2d 931, 934 (N.D. Ohio 2005).

*also Ernst v. Rising*, 427 F.3d 351, 372 (6th Cir. 2005).  In this case, the Court's authority to consider extrinsic evidence is relevant because both parties have attached to their briefs substantial submissions outside the scope of the pleadings.

This motion to dismiss for lack of subject matter jurisdiction is a factual attack because the Government argues that it has not waived its sovereign immunity for the particular claims asserted here.  *See McKinley v. United States*, No. C-2-90-848, 1991 WL 80848, at *1 (S.D. Ohio Mar. 27, 1991).  The sovereign immunity question under Rule 12(b)(1) is <u>not</u> whether the complaint adequately sets forth a substantive claim under the IRS laws and regulations cited therein, but whether the Court has jurisdiction to hear the causes of action the complaint asserts.  Accordingly, the Court will consider all of the parties' submissions in evaluating the question of subject matter jurisdiction pursuant to Rule 12(b)(1).

### 2. Rule 12(b)(6) Standard of Review

The Court may dismiss a claim for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss under Rule 12(b)(6) is directed solely at the complaint itself.  *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983) (citing *Sims v. Mercy Hospital of Monore*, 451 F.2d 171, 173 (6th Cir. 1971)).  When evaluating a complaint in light of a motion to dismiss, the Court must accept all of the plaintiff's allegations as true and resolve every doubt in the plaintiff's favor.  *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir. 1990) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  As the Sixth Circuit recently stated:

Even under Rule 12(b)(6), a complaint containing a statement of facts that merely

-8-

creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, . . . . The "[f]actual allegations must be enough to raise a right to relief above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id.* at 1965 . . .; *see also Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir.2007).

*Bishop v. Lucent Techs., Inc.*, 520 F.3d 516. 519 (6th Cir. 2008). Accordingly, a claim should be dismissed if it does not "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory . . . ." *Twombly*, 127 S. Ct. at 1969 (omitting citations and quotations, emphasis in original).

### B.     BANKS' CLAIMS RELATED TO THE LEVY FOR INCOME TAX YEAR 2000 ARE DISMISSED PURSUANT TO RULE 12(b)(6)

As an initial matter, the Court finds that Banks' complaint fails to state a claim upon which relief can be granted with respect to the levy for income tax year 2000. The complaint expressly states that, on January 8, 2008, the IRS released and rescinded the levy associated with tax year 2000. (Doc. 1 ¶ 20.) Therefore, the levy associated with the 2000 tax year was released prior to the filing of this lawsuit. The complaint contains no other allegations that even suggest that the IRS is attempting to levy on Banks' pension fund in connection with tax year 2000.[10]  Accordingly, the complaint fails to state a claim upon which relief can be granted in connection with tax year 2000 and any and all such claims are hereby dismissed pursuant to Rule 12(b)(6).

With this in mind, the remainder of the Court's analysis assumes that only the levy associated with the 1999 tax year is at issue.

### C.     WAIVER OF SOVEREIGN IMMUNITY

---

[10]  In her brief in opposition to dismissal, Banks argues that the IRS has continued to attempt to levy on her property for tax year 2000. (Doc. 7 at 10.) The complaint contains no such allegations, however, and, for purposes of Rule 12(b)(6), the Court must evaluate the validity of the claims actually asserted in the complaint, not other potential claims argued in the parties' briefs.

Sovereign immunity describes the principle that "[t]he United States can be sued only when it has expressly given its consent to be sued." *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998) (omitting quotations and citations); *see also United States Dept. of Energy v. Ohio*, 503 U.S. 607, 615 (1992). A waiver of sovereign immunity, therefore, "must be express, clear and unequivocal." *Reed*, 146 F.3d at 398 (omitting citations). Waiver of sovereign immunity is strictly construed against consent to be sued. *United States v. Idaho*, 508 U.S. 1, 7 (1993). Because of this principle, moreover, the Government is only amenable to suit to the extent of statutory consent. *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997). The Court may not expand the scope of consent beyond what the language of the statute requires. *United States Dept. of Energy v. Ohio*, 503 U.S. at 615. Consequently, failure to allege an element of a statute that includes a waiver of sovereign immunity is a jurisdictional defect subject to dismissal under Rule 12(b)(1). *See United States v. Speelman*, Case No. 3:06cv322, 2008 WL 281583, *2 (S.D. Ohio Jan. 31, 2008); *Gass v. U.S. Dept. of Treasury*, 216 F.3d 1087, 2000 WL 743671, at *2 (10th Cir. 2000) (table).

The Government argues that it has not waived its sovereign immunity from a lawsuit asserting claims under any of the statutes at issue here. Banks argues that the Government has consented to jurisdiction under at least one of several relevant statutes. For the following reasons, the Court finds that the Government has <u>not</u> consented to be sued with respect to Counts III and IV of the complaint under the circumstances of this case, but has waived sovereign immunity with respect to Counts I and II of the complaint.

### 1.    28 U.S.C. § 2410

Banks' primary waiver of sovereign immunity argument is that the Government has consented to be sued in an action to quiet title pursuant to 28 U.S.C. § 2410. Section 2410 expressly

allows the United States to be sued in an action to quiet title, as described by the statute.  In pertinent

part, it provides as follows:

> (a) Under the conditions prescribed in this section and section 1444 of this title for
> the protection of the United States, the United States may be named a party in any
> civil action or suit in any district court, or in any State court having jurisdiction of
> the subject matter--
>    (1) to quiet title to,
> . . .
> real or personal property on which the United States has or claims a mortgage or
> other lien.

28 U.S.C. § 2410(a)(1).  In the Sixth Circuit, as well as other circuits, a quiet title action under §

2410 is only available to challenge the procedural regularity of a tax lien, not to contest the validity

of the underlying tax assessment.  *See Pollack v. United States*, 819 F.2d 144, 145 (6th Cir. 1987);

*see e.g.*, *Johnson v. United States*, 990 F.2d 41, 43 (2d Cir. 1993); *Arford v. United States*, 934 F.2d

229, 232 (9th Cir. 1991); *Lonsdale v. United States*, 919 F.2d 1440, 1443 (10th Cir. 1990) (collecting

cases for this proposition).  In other words, § 2410(a) only permits a taxpayer to "challenge the

validity of the tax lien as a means of collecting taxes that are owed, *i.e.*, whether the lien is

procedurally defective and, therefore, a nullity.  It does not waive immunity with respect to collateral

attacks on the merits of a tax assessment, *i.e.*, whether plaintiffs are subject to being taxed, whether

back taxes are due or how much is owed."  *Sato v. Commissioner*, *I.R.S.*, 76 A.F.T.R. 2d 95-6236

(N.D. Ill. 1995) (citing *Johnson*, 990 F.2d at 42).

The Government argues that the waiver of sovereign immunity in the quiet title statute, 28

U.S.C. § 2410, expressly applies to liens, not levies, and, therefore, construing the waiver narrowly,

does not apply in this case.  The Government reasons that an action to quiet title is unnecessary

because taxpayers have other avenues to challenge the procedural regularity of a levy, including 26

U.S.C. §§ 7422(a) and 7433.  It cites cases explaining the distinction between a lien and a levy, *see*,

*e.g.*, *Rodeck v. United States*, 697 F. Supp. 1508, 1514-15 (D. Minn. 1988), as well as an

unpublished case from the Eastern District of Michigan, *Lockard v. U.S. Dept. of Treasury, I.R.S.*,

No. 07-12803-BC, 2008 WL 324230, at *3-4 (E.D. Mich. Feb. 5, 2008) (Ludington, J.), which limits

the waiver of sovereign immunity under § 2410 to challenges to a <u>lien</u> as opposed to a <u>levy</u>.

> [A]n exemption to federal sovereign immunity is available to challenges to a tax lien, but not necessarily to a tax levy. Avenues to challenge a levy do exist, such as an exception to the Anti-Injunction Act (which generally bars the issuance of injunctions regarding taxes) for third parties to challenge a levy action, under 26 U.S.C. § 7426(a)(1), or for a taxpayer to enjoin a levy during the pendency of an appeal, under 26 U.S.C. § 6330(e)(1). Moreover, 26 U.S.C. § 6330 provides a whole series of mechanisms for challenging a levy before it occurs. In light of the availability of these ways to challenge a levy and the difference between a levy and lien, the exception to sovereign immunity for actions to quiet title under 28 U.S.C. § 2410 does not apply to a challenge to a levy. That statute applies to interests in property, such as liens, but does not, by its terms, apply to an enforcement action, such as a levy. That a lien may lead to an enforcement action does not expand the scope of 28 U.S.C. § 2410, particularly because a waiver of sovereign immunity must be express and not implicit. *United States v. Testan*, 424 U.S. 392, 399 . . . (1976).
> Thus, this Court lacks subject matter jurisdiction to hear Plaintiffs' quiet title claim.

*Lockard v. U.S. Dept. of Treasury, I.R.S.*, 2008 WL 324230, at *4; *see also Husek v. United States*,

778 F. Supp. 598, 602 (N.D.N.Y. 1991).

Banks argues that the weight of the case law does not support the Government's position

regarding § 2410's applicability to lawsuits challenging the procedural aspects of a tax levy.  She

cites a number of cases in which the court found an action to quiet title under § 2410 appropriate to

challenge procedural aspects of a tax <u>levy</u>.  *See e.g.*, *Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir.

1992); *Hughes v. United States*, 953 F.2d 531 (9th Cir. 1992).  She contends that the limitations on

§ 2410 consent to jurisdiction relate only to whether the claims mount a procedural challenge to the

tax lien or attack the underlying tax assessment itself.  She admits that § 2410 is not a waiver of

sovereign immunity with respect to the latter, but contends it is universally regarded as a waiver

-12-

with respect to the former.  *See Pollack*, 819 F.2d at 145 (holding a quiet title action proper "only to contest the procedural regularity of a lien").  Banks' contention, therefore, is that her claims related to the levy are (1) encompassed by the statutory reference to a "lien"; (2) strictly procedural; and, (3) therefore, within § 2410's express waiver of sovereign immunity.

Although not cited by Banks, the Northern District of Illinois articulated Banks' argument regarding the relationship between a lien and a levy in some depth in *Rodriquez v. United States*, 629 F. Supp. 333, 339-40 (N.D. Ill. 1986).

> That statute [*i.e.*, 28 U.S.C. § 2410], of course, speaks expressly of a "lien" rather than a "levy," but the existence of an asserted lien is a conceptual precondition to a levy. The tax lien is the first legal step in the process of collection of assessed deficiencies. It arises as soon as a deficiency has been assessed, the taxpayer notified, and the demand for payment refused. 26 U.S.C. § 6321. *See generally United States v. National Bank of Commerce,* 472 U.S. 713 . . . (1985) . . . . The tax lien, however, is not self-enforcing. The IRS has two principal methods for that: the lien foreclosure suit under 26 U.S.C. § 7403, and the administrative levy under 26 U.S.C. § 6331. The foreclosure suit actually adjudicates rights to the property in question. The levy is a provisional remedy which protects the Treasury against diversion or loss of the property while the rights are being adjudicated. . . .  Through the levy, which is in effect a seizure, the government takes constructive possession of the property to enforce the lien. . . . Analogizing the tax lien to a security interest, the tax levy has been aptly described as one method of perfecting a tax lien. *In Re Robby's Pancake House of Florida, Inc.*, 24 B.R. 989, 997 (Bankr.E.D.Tenn.1982) . . . . Thus the IRS cannot claim the right to levy on property without also having asserted, at least impliedly, a lien against it, and indeed the words have been treated as essentially interchangeable for purposes of finding an action covered by § 2410. *Hudson*, 581 F.2d at 381, 383; *Aqua*, 539 F.2d at 936, 939; *Yannicelli*, 354 F.Supp. at 147, 151; *Little River*, 328 F.Supp. at 478-479. Immunity has been waived for count I under 26 U.S.C. § 6213(a), 28 U.S.C. § 2410, or both.

*Rodriquez*, 629 F. Supp. at 339-40 (omitting citations).  Citing *Rodriquez*, 629 F. Supp. at 336-41, and *Pollack*, 819 F.2d at 145 (6th Cir. 1987), the Eastern District of Michigan held that a taxpayer may use § 2410 as a waiver of sovereign immunity with respect to a lawsuit alleging "that the government failed to follow proper procedures when enforcing a tax levy."  *Gregory v. United States*, No. 96-CV-70603-DT, 1996 WL 571762, at *3 (E.D. Mich. July 17, 1996) (Lindquist, J.).

-13-

Likewise, at least one court within the Northern District of Ohio has held that "§ 2410 provides for a limited waiver by the United States of sovereign immunity with respect to claims for declaratory judgment and injunctive relief to prevent the Government from enforcing a levy upon a taxpayer's wages or some other lien, if the claim challenges the procedural regularity of a lien, rather than the underlying tax liability." *Carroll v. Chivatero*, C88-2804, 1990 WL 118766, *2-3 (N.D. Ohio July 2, 1990).

The Sixth Circuit has not addressed in a published opinion whether § 2410 applies to levies,[11] and, as indicated above, there is a split of authority in other jurisdictions.[12]

Although this is a close question, the Court finds the reasoning in *Rodriquez* persuasive and notes that the weight of authority from other circuits, district courts within the Sixth Circuit, and an unpublished Sixth Circuit opinion favor the conclusion that 28 U.S.C. § 2410(a) acts as a waiver of sovereign immunity for quiet title lawsuits challenging the procedural aspects of an IRS tax levy. *See*, *e.g.*, *Harrell v. United States*, 13 F.3d 232, 235 (7th Cir. 1993) (Posner, J.); *Hughes v. I.R.S.*, 953 F.2d 531, 538 (9th Cir. 1992); *Guthrie*, 970 F.2d at 735; *Arford*, 934 F.2d at 232-33; *Williams*, 900 F.2d 261. As noted in *Rodriquez*, the levy process presupposes the existence of a lien.

---

[11] The Sixth Circuit did address the issue in an unpublished opinion, *Williams v. United States*, 900 F.2d 261 (6th Cir. 1990) (table). In *Williams*, the taxpayer challenged the procedural regularity of a lien and levy on his wages and the Sixth Circuit held that the Government had waived sovereign immunity with respect to such claims under 28 U.S.C. § 2410. *Id.*; *see also First of Am. Bank-W. Michigan v. Alt*, 848 F. Supp. 1343, 1348 (W.D. Mich. 1993) (citing *Williams*); *Gentry v. United States*, No. CIV-1-89-337, 1991 WL 191246, at *3 (E.D. Tenn. July 22, 1991) (same); *McKinley v. United States*, No. C 2-90-848, 1991 WL 80848, at *3 n.1 (S.D. Ohio Mar. 27, 1991) (same).

[12] As one court succinctly stated, "case law provides little guidance on the resolution of this issue." *Alt*, 848 F. Supp. at 1348. In fact, different courts within the Eastern District of Michigan have taken apparently contradictory positions on this issue. *Compare Lockard*, 2008 WL 324230, at *4; *with Gregory*, 1996 WL 571762, at *3.

-14-

*Rodriquez*, 629 F. Supp. at 339-40 (omitting citations).  So long as the lien actually and presently burdens the taxpayer's property interest, a challenge to the levy process will inevitably address the procedural regularity of the lien.  *See e.g.*, *Harrell*, 13 F.3d at 235.  Accordingly, the Court finds that, pursuant to 28 U.S.C. § 2410(a), Banks' claims are not barred by sovereign immunity so long as they constitute challenges to the procedural regularity of the levy process.

### 2.  Sovereign Immunity Does <u>Not</u> Bar Counts I and II of Banks' Complaint

Banks' first two claims seeking declaratory and injunctive relief are procedural in nature.  She alleges that the IRS failed to follow the required administrative procedures related to issuance of a levy while an Installment Pay Agreement is pending (26 U.S.C. § 6331(k)) and service of a Notice of Intent to Levy (26 U.S.C. § 6330).  These claims do <u>not</u> constitute a merit-based collateral attack on the tax assessment; they do not challenge the validity of Banks' tax liability for the years in question, or the amount owed.  Instead, they raise questions regarding the IRS's adherence to the procedural prerequisites to levying on a taxpayer's property right.  Accordingly, Banks' first two claims are within the scope of the § 2410(a) waiver of sovereign immunity.

The Government's alternative argument does not change the Court's conclusion.  That is, the Government argues that, even if 28 U.S.C. § 2410(a) operates as a waiver of sovereign immunity in this case, Banks has not satisfied the particular pleading requirements of 28 U.S.C. § 2410(b).  In pertinent part, § 2410(b) provides:

> (b) The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed.

28 U.S.C. § 2410(b).  The Government notes that "exact compliance" with the statute is required

to justify waiver of sovereign immunity given the strong presumption against finding consent to suit. *See Lewis v. Hunt*, 492 F.3d 565, 571 (5th Cir. 2007).

This argument is not dispositive.  Even if the Court were to find that Banks' complaint does not satisfy the particular pleading requirements of § 2410(b), the appropriate remedy is leave to amend, not dismissal.  *See Cipriano v. Tocco*, 757 F. Supp. 1484, 1495 (E.D. Mich. 1991). Therefore, the Court will proceed to analyze the Government's other arguments regarding dismissal of Counts I and II.

### 3.        Sovereign Immunity <u>Does</u> Bar Counts III and IV of Banks' Complaint

In contrast, Counts III and IV of Banks' complaint seek damages resulting from the levying that has already occurred.  These are claims for reimbursement of tax liability.  Although they are premised on alleged noncompliance with the levying procedures, they are fundamentally substantive claims for recovery of funds from the IRS.  It is well-established that a taxpayer must 'pay first and litigate later' via a tax refund action, *see e.g.*, *Martin v. C.I.R.*, 753 F.2d 1358, 1360 (6th Cir. 1985) (citing *Flora v. United States*, 357 U.S. 63 (1958)), and that the rule applies to "non-refund actions that the taxpayer attempts to use as a vehicle for a collateral attack on his tax assessment." *McMillen v. U.S. Dept. of Treasury*, 960 F.2d 187, 189 (1st Cir. 1991) (citing *Flora*).  This rule prohibits Banks from maintaining what is essentially a refund action for the amount levied from her pension fund "under the guise" of a quiet title action pursuant to § 2410.  *See Morrell v. United States*, 91 F. Supp. 451, 459 (D. P.R. 2000).  Banks' third and fourth claims are just that, and, consequently, are not within the limited waiver of sovereign immunity, which the Court must strictly construe.  *U.S. v. Idaho*, 508 U.S. at 7.  Accordingly, Counts III and IV of Banks' complaint are not appropriate quiet title actions and barred by the Government's sovereign immunity.

### D.        26 U.S.C. § 7433

Banks also cites 26 U.S.C. § 7433 as a basis for jurisdiction in her complaint. (Doc. 1 ¶ 3.) Section 7433 allows a taxpayer to sue the United States in a civil action in the federal district court for damages related to the collection of a federal tax when an IRS employee intentionally, recklessly or negligently disregards any provisions of Title 26, the IRS Code.  26 U.S.C. § 7433(a).  The Sixth Circuit recognizes § 7433 as including a limited waiver of sovereign immunity for claims arising under that statute.  *Fishburn v. Brown*, 125 F.3d 979, 982 (6th Cir. 1997); *see also Turner v. United States*, 372 F. Supp. 2d 1053, 1061-62 (S.D. Ohio 2005).  Consequently, § 7433 could provide an alternative basis for waiver of sovereign immunity with respect to Counts III and IV of Banks' complaint if she has satisfied the specific requirements of the statute.  Banks does not present any arguments related to § 7433 in her response in opposition to the Government's motion to dismiss, but Counts III and IV allege that the IRS intentionally, recklessly, and/or negligently disregarded its own procedures in connection with levying upon Banks' pension fund.   Therefore, Counts III and IV of the complaint may be read as an attempt to assert a claim under 26 U.S.C. § 7433.

The Court does not have jurisdiction over such a claim, however.  Any claims asserted under § 7433 are barred by the two-year statute of limitations.  *See* 26 U.S.C. § 7433(d)(3).  As this Court noted in *Tenpenny v. United States*, 490 F. Supp. 2d 859 (N.D. Ohio 2007), a taxpayer's § 7433 cause of action accrues when she has a reasonable opportunity to discover all of the essential elements of the potential cause of action.  *See also* 26 C.F.R. § 301.7433-1(g)(2).  In this case it is undisputed that the IRS actually began levying on Banks' pension fund in November of 2002.  All of the essential elements of the claims Banks is now asserting were available at that time – the Installment Pay Agreements she references had allegedly already been filed, and Title 26 requires the notice she alleges she did not receive to issue prior to the date levying actually commences.  *See*

-17-

26 U.S.C. § 6330.[13]  Therefore, Banks' § 7433 claims accrued around the time the IRS began levying

upon her pension fund in 2002 – almost six years prior to the date on which she filed her § 7433

causes of action in this case and almost four years after the statute of limitations on those claims had

run.

Because of the limited nature of the waiver of sovereign immunity for purposes of § 7433,

failure to adhere to the pleading requirements of an action under the statute  – *i.e.*, the statute of

limitations – is a jurisdictional bar.  *See United States v. Dalm*, 494 U.S. 595, 608 (1990);[14] *see also*

*United States v. Speelman*, Case No. 3:06cv322, 2008 WL 281583, *2 (S.D. Ohio Jan. 31, 2008);

*Gass v. U.S. Dept. of Treasury*, 216 F.3d 1087 (10th Cir. 2000) (table).  Accordingly, the Court does

not have jurisdiction over Counts III and IV of Banks' complaint even if they arise under 26 U.S.C.

§ 7433 (as opposed to 28 U.S.C. § 2410).

### E.    JURISDICTION OVER COUNTS I AND II OF BANKS' COMPLAINT

The Court concluded above that the Government waived sovereign immunity with respect

---

[13]  *Ganby Nursery, Inc. v. United States*, 318 F.3d 631 (5th Cir. 2003) does not undermine the conclusion that Banks § 7433 claims are untimely.  In that case, the Court held that the statute of limitations runs from each distinct collection action.  Here, Banks' core claims challenge the IRS conduct with respect to a single levy in 2002.  To the extent that Banks' argues that her complaint states a claim with respect later collections under that levy, the Court rejects this argument as facially inconsistent with the complaint itself.  Accordingly, the statute does not provide a basis for jurisdiction over Banks' claims in this case.

[14]  As the Supreme Court stated in *Dalm*:

> Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. . . .  A statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms.

494 U.S. at 608 (omitting citations and quotations).

to Banks' procedural challenges to the levying process in an action to quiet title under 28 U.S.C. § 2410.  In one of the more baffling twists in the maze of applicable federal tax law, however, § 2410 does not resolve the question of jurisdiction; "all the quiet title act does is waive sovereign immunity."  *Harrell*, 13 F.3d at 234; *see also Kulawy v. United States*, 917 F.2d 729, 733 (2d Cir. 1990); 14 Wright, Miller, & Cooper, Fed. Prac. & Proc.: Jurisdiction 3d § 3656  ("A party seeking relief under Section 2410 . . . must show that subject matter jurisdiction exists under some other applicable statute.").  Accordingly, the next step in determining whether this Court has subject matter jurisdiction over Banks' remaining claims (Counts I and II of her complaint) is to analyze whether some other applicable statute confers subject matter jurisdiction.

Banks' remaining quiet title claims fall within the purview of 28 U.S.C. § 1340, which provides that "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."  28 U.S.C. § 1340.  In *Harrell*, the Seventh Circuit held that § 1340 provided the basis for jurisdiction in a case involving an IRS levy on wages. 13 F.3d at 234.  The Seventh Circuit stated:

> All the quiet-title act does is waive sovereign immunity. It does not authorize quiet-title suits; it does not confer federal jurisdiction over them; it merely clears away the obstacle that sovereign immunity would otherwise place in the path of such a suit. Harrell has no problem, however, finding a basis for federal jurisdiction for his quiet-title suit; it is 28 U.S.C. § 1340, which bestows on the federal district courts original jurisdiction of any civil action arising under the internal revenue laws. Harrell's claim is that the levy on his wages violated the provisions authorizing federal tax liens; that claim arises under the Internal Revenue Code and is therefore within the jurisdiction conferred by section 1340.

*Id.*; *see also Kulawy*, 917 F.2d at 733.  Like the levying procedure claims in *Harrell*, Counts I and II of Banks' complaint arise under the IRS Code and are "therefore within the jurisdiction conferred by section 1340."  *Harrell*, 13 F.3d at 234.

Counts I and II of Banks' complaint thus survive the two-step process for determining

subject-matter jurisdiction applicable in this case.  First, 28 U.S.C. § 2410 acts as a waiver of the Government's sovereign immunity because Counts I and II challenge the procedural regularity of the levy.  *See Pollack*, 819 F.2d at 145.  Second, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1340 because Counts I and II arise under provisions of the IRS Code.  *See Harrell*, 13 F.3d at 234.  Accordingly, this Court has jurisdiction over Banks' quiet title claims challenging the procedural regularity of the levy on her pension fund. *Id.*

These quiet title claims are set forth generally in Counts I and II of Banks' complaint. Counts I and II also invoke specific provisions of the IRS Code.  Namely, 26 U.S.C. §§ 6330 and 6331 and the associated regulations.  (Doc. 1 ¶¶ 4-14.)  The Government argues that any claims arising under these statutes should be dismissed for various procedural reasons related to Banks' failure to adhere to the statutory framework in challenging the levy upon her pension fund.  A fair reading of the complaint, however, indicates that Counts I and II invoke the provisions of the IRS Code related to the levying procedure <u>not</u> in an effort to assert a specific claim under those provisions, but as the basis of her quiet title action.  Accordingly, these claims are not presently subject to dismissal under Rule 12(b) because they are cognizable under the quiet title statute.


III.     <u>**CONCLUSION**</u>

For the foregoing reasons, the Government's Motion to Dismiss (Doc 6) is <u>**GRANTED in part**</u>.  Specifically, the Motion to Dismiss is **GRANTED** with respect to any and all of Banks' claims related to the 2000 tax year.  Further, the Motion to Dismiss is **DENIED** with respect to the action for quiet title alleged in Counts I and II of Banks' complaint, and **GRANTED** with respect to Counts III and IV of Banks' complaint.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley

**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: March 27, 2009**

-21-